UNITED STATES of America, Plaintiff,

v.

Harold G. STEINER, Ollie Mae Steiner, Sandra Sue Steiner Young, First Wisconsin Trust Co., Robert J. Downing, Equitable Life Assurance Society of the United States, New York Life Insurance Co., Catholic Family Insurance Society, Knights of Columbus, Bank of Mauston, New Lisbon State Bank, Farmers & Merchants Bank, Roland Steiner, Margaret Steiner, Wisconsin River Power Co., S & Y Tree Farms, Inc., and Vacuum Platers, Inc., Defendants.

No. 70–C–195.

United States District Court, W. D. Wisconsin.

Sept. 13, 1977.

---

Jeffrey D. Snow, Trial Atty., Tax Div., U. S. Dept. of Justice, Washington, D. C., for United States, plaintiff.

William M. Ward, Chicago, Ill., for Harold G. Steiner, Ollie Mae Steiner, Sandra Sue Steiner Young, S & Y Tree Farms, Inc., and Robert J. Downing, Roland Steiner,

Margaret Steiner, and Vacuum Platers, Inc., defendants.

Ralph Bushnell, Stafford, Rosenbaum, Rieser & Hansen, Madison, Wis., for First Wisconsin Trust Co., Equitable Life Assur. Society of the United States, and New York Life Ins. Co., defendants.

Anthony J. Brondino, Milwaukee, Wis., for Catholic Family Ins. Society, defendant.

Croak & Croak, Madison, Wis., for Knights of Columbus, defendant.

Charles P. Curran, Curran & Curran, Mauston, Wis., for Bank of Mauston, defendant.

Hollis W. Thompson, New Lisbon, Wis., for New Lisbon State Bank, defendant.

E. H. Radtke, Reedsburg, Wis., for Farmers & Merchants Bank, defendant.

John Cole, Cole, Conway & Brazeau, Wisconsin Rapids, Wis., for Wisconsin River Power Co., defendant.

## OPINION AND ORDER

JAMES E. DOYLE, District Judge.

This is an action in which the United States seeks:

(a) Judgment against defendant Harold G. Steiner for taxes, penalties and interest for the year 1945, plus statutory interest from June 7, 1969, and against Harold G. Steiner and Ollie Mae Steiner for taxes, penalties and interest for the years 1946 and 1947, plus statutory interest from June 7, 1969.

(b) An order requiring defendant First Wisconsin Trust Company to account for the interest resulting from a certain escrow fund, and judgment of the amount of said interest, less the cost of administration of the escrow, with the amount for the judgment to be applied to the tax liability of defendant Harold G. Steiner.

(c) An order to require defendants Equitable Life Assurance Company of the United States, New York Life Insurance Company, Catholic Family Insurance Society, and the Knights of Columbus, to pay to the United States, for application to the tax liability of the defendant Harold G. Steiner, the cash surrender value of certain life insurance policies issued by said defendants.

(d) A determination that certain real property in the name of defendant Sandra Sue Steiner Young belongs to defendant Harold G. Steiner, and an order that said property be sold by the Marshal and the proceeds applied to the claims of creditors of defendant Harold G. Steiner, according to the legal priority of such claims.

(e) The enforcement of plaintiff's liens against stock in Lyndon Wood Products, a corporation, owned by defendant Harold G. Steiner; and against stock in S & Y Tree Farms, Inc., a corporation, owned by defendant Harold G. Steiner and Ollie Mae Steiner. Also, a determination that one share of stock in S & Y Tree Farms, Inc., in the name of defendant Sandra Sue Steiner Young belongs to defendant Harold G. Steiner, and an enforcement of plaintiff's liens against said share of stock. Also, enforcement of plaintiff's liens against the assets of S & Y Tree Farms, Inc., and against the assets of Vacuum Platers, Inc., a wholly owned subsidiary of S & Y Tree Farms, Inc.

(f) A determination that certain real property once in the name of defendant Sandra Sue Steiner Young, but conveyed to others by her prior to commencement of this suit, belonged to defendant Harold G. Steiner, and judgment against the defendant Sandra Sue Steiner Young in a sum equal to the amount of the net proceeds realized by her from the conveyance of said real property.

(g) A determination that certain real property once in the name of defendant Roland Steiner, but conveyed to others by him and his wife, defendant Margaret Steiner, prior to commencement of this suit, belonged to defendant Harold G. Steiner, and judgment against the defendant Roland Steiner in a sum equal to the amount of the net proceeds realized by him from the conveyance of said real property.

(h) A determination that certain real property once in the name of S & Y Tree Farms, Inc., but conveyed to others by it prior to the commencement of this suit, belonged to defendant Harold G. Steiner, and judgment against defendant S & Y Tree Farms, Inc., in a sum equal to the amount of the net proceeds realized by it from the conveyance of said real property.

At trial, leave was granted to plaintiff to amend the complaint so as to seek a further item of relief, namely:

(i) A determination that at a time when defendant Harold G. Steiner was insolvent and one of his creditors was the United States, he forgave a debt due him from defendant Sandra Sue Steiner Young, and judgment against defendant Sandra Sue Steiner Young in a sum equal to the amount of said debt.

With respect to item (a), plaintiff's motion for summary judgment has been granted, and the order below will direct the entry of such judgment.

With respect to item (b), judgment in plaintiff's favor against defendant First Wisconsin Trust Company has previously been entered. Implicit in that ruling was a decision adverse to the position of defendant Robert J. Downing, and the order below will direct judgment foreclosing any claim by him against any of the property described in the complaint, as amended. Defendant First Wisconsin Trust Company has complied with the terms of the judgment.

With respect to item (c), judgment in plaintiff's favor has previously been entered against defendants Equitable Life Assurance Company of the United States, New York Life Insurance Company, Catholic Family Insurance Society and the Knights of Columbus. Said defendants have complied with the terms of said judgment. On its motion, judgment has been entered dismissing this action as to defendant Knights of Columbus.

With respect to item (g), judgment on the merits has been entered in favor of defendants Roland Steiner and Margaret Steiner.

Trial has been had to the court in the course of which and at the conclusion of which certain findings have been made and certain orders have been entered with respect to items (d), (e), (f), (h) and (i). Such findings and orders will be referred to hereinafter in this opinion. As indicated, the subject matters of items (d), (e), (f), (h), and (i) are:

I.   The relationship between defendant Harold G. Steiner and defendant Sandra Sue Steiner Young with respect to certain parcels of real property; to certain obligations of S & Y Tree Farms, Inc., to defendant Sandra Sue Steiner Young; to a share or shares of stock in S & Y Tree Farms, Inc.; and to a certain loan.

II.  The ownership of stock in Lyndon Wood Products by defendant Harold G. Steiner, and of stock in S & Y Tree Farms, Inc., by defendants Harold G. Steiner and Ollie Mae Steiner.

III. The relationship between defendant Harold G. Steiner and defendant S & Y Tree Farms, Inc., with respect to a certain parcel of real property.

The opinion to follow will be organized according to the subject matters referred to in I, II, and III, above.

## I.

THE RELATIONSHIP BETWEEN DEFENDANT HAROLD G. STEINER AND DEFENDANT SANDRA SUE STEINER YOUNG WITH RESPECT TO CERTAIN PARCELS OF REAL PROPERTY; TO CERTAIN OBLIGATIONS OF S & Y TREE FARMS, INC., TO DEFENDANT SANDRA SUE STEINER YOUNG; TO A SHARE OR SHARES OF STOCK IN S & Y TREE FARMS, INC.; AND TO A CERTAIN LOAN.

A.   *With respect to certain parcels of real property held by Sandra Sue Steiner Young at time this suit was commenced.*

■ In Count One of the complaint, as amended, it is alleged, and I now find, that

certain parcels of real property described in paragraphs XIII(A), XVII(A), and XVIII(A), were conveyed by deed by various grantors to Sandra Sue Steiner Young.[1] It is further alleged, and I now find, that at the time this lawsuit was commenced, defendant Sandra Sue Steiner Young continued to hold the parcel described in paragraph XIII(A), except for certain portions thereof described in the complaint at paragraphs XXXVI(E), (G), (I), (K), (M), (O), (Q), (U), (W), and (Y),[2] and that she continued to hold the parcels described in paragraphs XVII(A) and XVIII(A). With respect to each such conveyance to defendant Sandra Sue Steiner Young of said real property which she has continued to hold, it is alleged, and I now find, that the consideration for the conveyance to her was provided by defendant Harold G. Steiner.

In Count One, it is further alleged, and I now find, that a certain parcel of real property described in paragraph XIX(A) (except for that portion described in XIX(B)), and in paragraphs XX and XXI was also conveyed by deed to defendant Sandra Sue Steiner Young. It is further alleged, and I now find, that at the time this lawsuit was commenced, defendant Sandra Sue Steiner Young continued to hold the said parcel. With respect to each such conveyance to defendant Sandra Sue Steiner Young of said real property, it is alleged that the consideration for the conveyance to her was provided by defendant Harold G. Steiner, but I find that this allegation is not true. Rather, with respect to the parcel described in paragraph XIX(A) (except for that portion described in XIX(B)), XX and XXI, I make those findings of fact which appear below.

(1) *The paragraph XIII(A) property.* In the course of the trial, I determined, and now reaffirm, that the parcel described in

paragraph XIII(A) of the complaint, except for the portions thereof described in paragraphs XXXVI(E), (G), (I), (K), (M), (O), (Q), (U), (W), and (Y), is subject to plaintiff's liens.

(2) *The paragraph XVII(A) property.* To determine the issues related to this parcel, findings with respect to a certain guardianship proceeding are necessary, and my findings on that subject are set forth in the following paragraph.

Defendant Sandra Sue Steiner Young was born May 10, 1941. Defendant Harold G. Steiner is her father and defendant Ollie Mae Steiner is her mother. At times prior to February 28, 1958, defendant Harold G. Steiner had provided the funds by which certain real estate was acquired in his daughter's name. On February 28, 1958, defendant Harold G. Steiner petitioned the County Court for Juneau County, Wisconsin, to be appointed as guardian for his daughter. The petition was granted and with the approval of the County Court, certain of the real property in the name of defendant Sandra Sue Steiner Young was sold for the gross sum of $23,000. The net proceeds from said sale would have been sufficient to repay defendant Harold G. Steiner the sum of $14,817 which he had loaned to his daughter for the acquisition of the particular properties sold. However, the debt was not then repaid and with the consent of the court, the property described in paragraph XVII(A), together with another parcel,[3] was purchased in the name of defendant Sandra Sue Steiner Young from Rosetta Powers through the guardianship, with an additional $12,500 then loaned to her by defendant Harold G. Steiner. When the defendant Sandra Sue Steiner Young became 21 years of age the guardianship was terminated. The cash then on hand ($19,494.47) was paid out to defendant Ha-

---

**1.** Paragraph XVI(A) alleges that another parcel was so conveyed, but the allegation was denied and abandoned.

**2.** Paragraph XXXVI(S) alleges that another portion there described is no longer held by defendant Sandra Sue Steiner Young, but the allegation was denied and abandoned.

**3.** The other parcel is not described in the complaint, but is property described as Lot 10 and the West 60 feet of Lot 11, Block 11, Boorman's Addition to the City of Mauston. This parcel is discussed in part I(B) of this opinion in connection with the property described at paragraphs XXXVIII(A) and XXXIX(A) of the complaint.

rold G. Steiner to apply on the loans, leaving a balance of $7,822.53 due him. The real property then part of the corpus of the guardianship, including that described in paragraph XVII(A) and that described in footnote 3 of this opinion, was turned over to defendant Sandra Sue Steiner Young, subject to her indebtedness to defendant Harold G. Steiner in the sum of $7,822.53.

Upon the basis of the facts as found in the preceding paragraph of this opinion, I conclude that the real property described in paragraph XVII(A) of the complaint is subject to plaintiff's lien to the extent of $7,822.53.

During the course of the present lawsuit in this court, leave was granted the defendant Sandra Sue Steiner Young to sell the property described in paragraph XVII(A) of the complaint and to deposit the net proceeds with the clerk of this court. Such a deposit in the sum of $14,241.79 was made. In the order entered below, the clerk will be directed to pay to the plaintiff from said deposit the sum of $7,822.53.

(3) *The paragraph XVIII(A) property.* On July 2, 1959, this property was conveyed by deed to Sandra Sue Steiner Young by a Frank Steiner, her great uncle, and his wife Marcella Steiner. Defendant Sandra Sue Steiner Young was unaware of this conveyance at the time. Defendant Harold Steiner obtained a loan from the New Lisbon State Bank at about that time and paid $12,000 to Frank Steiner and Marcella Steiner, in consideration for the conveyance of the XVIII(A) property to defendant Sandra Sue Steiner Young. Defendant Harold Steiner was unable to pay his loan from the New Lisbon State Bank and defendant Sandra Sue Steiner Young assumed the obligation to the bank. In 1967 defendant Sandra Sue Steiner Young renegotiated the said loan with the New Lisbon State Bank and at that time provided, as security for the negotiated loan, mortgages on the paragraph XIII(A) property and the paragraph XVII(A) property. Over a period of time defendant Sandra Sue Steiner Young paid off the loan from the New Lisbon State Bank and used for the purpose of such

payments the following sums realized from the sale of the following properties:

(a) $1,018 from the sale of the property described at paragraph XXXVI(M).

(b) $1,200 from the sale of the property described at paragraph XXXVI(O).

(c) $3,240 from the sale of the property described at paragraph XXXVI(U).

(d) $2,045 from the sale of the property described at paragraph XXXVI(W).

(e) $1,400 from the sale of the property described at paragraph XXXVI(Y).

(f) $7,000 from the sale of that portion of the property described at paragraph XIV(A) which is not described at paragraph XXXVII(E).

At the times at which the properties described at paragraphs XXXVI(M), XXXVI(O), XXXVI(U), XXXVI(W), XXXVI(Y) and XIV(A) had been conveyed to defendant Sandra Sue Steiner Young the consideration for each conveyance had been provided by defendant Harold G. Steiner. That portion of the property described in paragraph XIV(A) which is not described at paragraph XXXVII(E), from the sale of which to one Glowacki, defendant Sandra Sue Steiner Young obtained $7,000 to apply to the loan from the New Lisbon State Bank (see (f) above), was a part of the corpus of the guardianship discussed above in connection with the paragraph XVII(A) property and was turned over to the defendant Sandra Sue Steiner Young when that guardianship was terminated. Therefore, I determine and conclude that the paragraph XVIII(A) property is not subject to the plaintiff's lien as to the sum of $7,000 realized from the sale of that portion of the property described at paragraph XIV(A) which is not described at XXXVII(E). However, I conclude that the XVIII(A) property is subject to plaintiff's lien to the extent of $8,903 (which is the aggregate of the proceeds of the sales referred to in (a), (b), (c), (d) and (e) on page 1074 of this opinion).

(4) *The paragraph XIX(A) property (except for that portion described in XIX(B), the paragraph XX property, and the paragraph XXI property.* On November 4, 1968

all of this property, which is contiguous, was conveyed by the Bank of Mauston to defendant Sandra Sue Steiner Young for the sum of $35,000. Shortly prior to that transaction, defendant Sandra Sue Steiner Young had obtained the $35,000 paid to the bank by borrowing that sum from George Steiner, Sr., who is the father of defendant Harold G. Steiner and the grandfather of the defendant Sandra Sue Steiner Young. George Steiner, Sr., in turn had borrowed the $35,000 from the Bank of Mauston. Defendant Sandra Sue Steiner Young gave her grandfather a note, but not a mortgage on said property as security, for his loan to her. Defendant Harold G. Steiner provided none of the $35,000 used by defendant Sandra Sue Steiner Young to purchase the said real property from the Bank of Mauston.[4]

On November 21, 1968, defendant Sandra Sue Steiner Young paid George Steiner the sum of $10,405, to apply on her $35,000 debt to him. She had obtained said sum as the net proceeds of a 1969 sale of the South ½ of the Southwest ¼ of Sec. 23, T16N, R4E, Juneau County to one Biersach.[5] On June 15, 1959, the said property (together with an adjoining parcel) had been conveyed to defendant Sandra Sue Steiner Young by John Kanarowski and Clara Kanarowski. No cash consideration was paid to the Kanarowskis by defendant Sandra Sue Steiner Young or defendant Harold G. Steiner. However, the deed provided that it was not to become operative until June 15, 1969;

that during said ten year period, the grantors were to receive any and all subsidies or benefits which might accrue to the owners of the property; and that the grantee (defendant Sandra Sue Steiner Young) had the right to plant trees upon said property. At the time of the conveyance to defendant Sandra Sue Steiner Young in 1959, it was agreed among the Kanarowskis, the defendant Harold G. Steiner, the defendant Sandra Sue Steiner Young and her then husband Joel Frederick Young, that seedlings would be planted on the property, and that during the ten year period the Kanarowskis would receive and retain certain so-called "soil bank" benefits from the government. Defendant Sandra Sue Steiner Young and her husband did proceed to plant the seedlings which had been raised from seed by S & Y Tree Farms, Inc., and which were the property of S & Y Tree Farms, Inc., and the Kanarowskis did proceed to collect the soil bank benefits. The relationship between defendant Harold G. Steiner and the defendant Sandra Sue Steiner Young with respect to the shares of stock in S & Y Tree Farms, Inc., will be dealt with later in this opinion, but for the present purpose, I will assume, as plaintiff contends, that at the time the said seedlings were planted on the Kanarowski property, all of the outstanding stock in S & Y Tree Farms, Inc., was owned by defendant Harold G. Steiner.

It is the contention of the government that because defendant Sandra Sue Steiner

---

**4.** Some time prior to November 4, 1968, defendant Harold G. Steiner had enjoyed an interest in this property, but in an action commenced by the Bank of Mauston in a Wisconsin state court, to which the United States was a party, the said interest of defendant Harold G. Steiner had been foreclosed. At trial in the present case, I concluded, and now reaffirm the conclusion, that neither the fact that defendant Harold G. Steiner once enjoyed an interest in this property, nor the allegation in the complaint that defendant Harold G. Steiner provided the consideration for the conveyance of the property to defendant Sandra Sue Steiner Young, supports the application of plaintiff's lien to the said property.

**5.** This parcel is not referred to in the complaint, but in light of testimony at trial, plaintiff was granted leave to amend its complaint to allege,

in substance, that it had been purchased in 1959 from a John and Clara Kanarowski with consideration furnished by defendant Harold G. Steiner; that it had been owned by him although defendant Sandra Sue Steiner Young was named as grantee in the deed; that defendant Sandra Sue Steiner Young had conveyed the property to Biersach in 1969; and that defendant Sandra Sue Steiner Young is liable in money damages to plaintiff in a sum equal to the net proceeds of the sale to Biersach. This theory of plaintiff is discussed in part I(B) of this opinion.

In its post-trial brief, plaintiff objects to the manner in which defendant Sandra Sue Steiner Young handled the sale to Biersach on her income tax return for 1969, but such an irregularity, if it occurred, is no part of the present lawsuit.

Young was enabled to purchase the property described in paragraphs XIX(A) (except for that portion described in XIX(B)), XX, and XXI, only by reason of the loan of $35,000 from her grandfather, and because she promptly repaid $10,405 of that loan from the net proceeds of her 1969 sale of the S ½ of the SW ¼ of Section 23 to Biersach, and because the seedlings were the consideration for the 1959 conveyance of the S ½ of the SW ¼ of Section 23 to defendant Sandra Sue Steiner Young, and because in 1959 the seedlings were the property of S & Y Tree Farms, Inc., and because in 1959 the issued stock of S & Y Tree Farms, Inc., was owned by defendant Harold G. Steiner, plaintiff's lien should now be applied to the property described in paragraph XIX(A) (except for that portion described in XIX(B)), XX, and XXI. The extent of the lien, the government contends, should be about 30 percent of the present value of the property (the proportion of $10,405 to $35,000), but, alternatively, not less than $10,405.

I cannot accept this contention. The legal principle purportedly underlying it is a tracing of the res. The government has failed to prove that the labor involved in planting the seedlings was labor provided by S & Y Tree Farms, Inc., rather than by defendant Sandra Sue Steiner Young, to whom the Kanarowski deed ran, and by her then husband. If such labor was provided by defendant Sandra Sue Steiner Young and her husband, as individuals, their labor as individuals also was a cause of the existence of another item of consideration, namely, the value of the "soil bank" payments to the Kanarowskis. Since the government's theory must be that the seedlings, alone, constitute the res to be traced, it is important to the application of equitable principles to consider the value of the seedlings, but the government has been of little assistance in this respect. Moreover, accepting the government's premise, the purported res (the seedlings) was the property of S & Y Tree Farms, Inc., rather than the property of defendant Harold G. Steiner. Accepting, also, the government's thesis that the res (the seedlings) should be traced back to S & Y Tree Farms, Inc., because in 1959 defendant Harold G. Steiner owned all the issued stock of the corporation, the government has failed to demonstrate that as of the time of trial, the res should be traced back through S & Y Tree Farms, Inc. to defendant Harold G. Steiner alone, and thus made vulnerable to the government's lien against defendant Harold G. Steiner personally. As of the time of trial, as will be discussed below, ownership of the issued stock had become diffused. It is not at all clear, therefore, that equitable considerations would support the present tracing of the res through the corporation to defendant Harold G. Steiner alone. Finally, the entire theory developed by the government at the conclusion of the trial represents a rather stubborn improvisation developed only when it had failed to prove up the allegation of its complaint that defendant Harold G. Steiner had provided the consideration for the conveyance by the Bank of Mauston to defendant Sandra Sue Steiner Young of the property described in XIX(A) (except for that portion described in XIX(B)), XX, and XXI.

I conclude that plaintiff's lien applies in no way to the property described in paragraphs XIX(A) (except for that portion described in XIX(B)), XX, and XXI of the complaint.

B. *With respect to certain parcels of real property once held by Sandra Sue Steiner Young but no longer held by her at time of trial.*

In Count Two of the complaint it is alleged, and I now find, that there were conveyed by various grantors to defendant Sandra Sue Steiner Young the parcels of real property described at paragraphs XXXVI(E), (G), (I), (K), (M), (O), (Q), (U), (W), and (Y), XXXVII(E), XXXVIII(E), XXXIX(E) and (G), XL(E), XLI(E), XLII(E), XLIII(E) and (G), XLIV(E), XL(E), XLVI(E), XLVII(E), XLVIII(E), and XLIX(E). With respect to each of said parcels, it is alleged that the consideration for the conveyance to her was provided by defendant Harold G. Steiner. I find that

the consideration for such conveyances was provided by defendant Harold G. Steiner as to the property described in paragraphs XXXVI(E), (G), (I), (K), (M), (O), (Q), (U), (W), and (Y), XL(E), XLI(E), XLII(E), XLIII(E) and (G), XLIV(E), XLV(E), XLVI(E), XLVII(E), XLVIII(E), and XLIX(E). My findings on the question as to XXXVII(E), XXXVIII(E), and XXXIX(E) and (G) appear below. It is further alleged, and I now find, that defendant Sandra Sue Steiner Young subsequently reconveyed to others each of the said parcels. The remedy sought in Count Two is a money judgment against defendant Sandra Sue Steiner Young in a sum equal to the amount of the net proceeds realized by her from the later conveyance of said real property by her to others.

At the trial herein, the plaintiff was granted leave to amend its complaint to include similar allegations with respect to a parcel of real property not referred to in the complaint, described as the South One-half of the Southwest one-quarter (S ½ of SW ¼) of Section 23, T16N, R4E, Juneau County. For reasons explained above in part I(A)(4) of this opinion, I find that the consideration for the conveyance to defendant Sandra Sue Steiner Young was not provided by defendant Harold G. Steiner, although some portion of the consideration was provided by S & Y Tree Farms, Inc., and I conclude that as to this parcel plaintiff is entitled to no money damages against defendant Sandra Sue Steiner Young; no further reference will be made in this opinion and order to the S ½ of the SW ¼ of Section 23.

At trial, plaintiff was also permitted to amend its complaint to include similar allegations with respect to that part of the real property described at paragraph XIV of the complaint which is not described in paragraph XXXVII(E). This contention relates to the receipt by Sandra Sue Steiner Young of $7,000 from the proceeds of the sale of a portion of the paragraph XIV property to one Glowacki. For reasons explained in section I(A)(3) of this opinion, the said portion of the paragraph XIV property was not subject to plaintiff's lien. I conclude that the proceeds from its sale, even if traceable, are not subject to plaintiff's lien.[6]

Insofar as Count Two rests upon the contention that defendant Sandra Sue Steiner Young engaged in fraudulent conduct, or in a conspiracy to defraud, with respect to the above-described parcels of real property, I dismissed the contention at the time of trial. I now conclude that with respect to all those items of property named in paragraphs XXXVI(E), (G), (I), (K), (M), (O), (Q), (U), (W), and (Y), XL(E), XLI(E), XLII(E), XLIII(E) and (G), XLIV(E), XLV(E), XLVI(E), XLVII(E), XLVIII(E), and XLIX(E) of the amended complaint, for the conveyance of which to defendant Sandra Sue Steiner Young the consideration was provided by defendant Harold G. Steiner, the said defendant Harold G. Steiner engaged in a constructive fraud against the plaintiff. I now conclude that during the times that defendant Sandra Sue Steiner Young held the above-described real property, she held it in constructive trust for the plaintiff and other creditors of defendant Harold G. Steiner, and I further conclude that the said trust can now be impressed to the extent, but only to the extent, that the plaintiff has succeeded in tracing economic benefits to defendant Sandra Sue Steiner Young which have been reduced to her possession and control.

I now find and conclude that plaintiff has failed to trace any economic benefit to defendant Sandra Sue Steiner Young, which has been reduced to her possession and control, from the reconveyances by her of the property described in: XXXVI(E), (G), (I), and (Q); XLI(E); XLII(E); XLIII(G); XLIV(E); XLV(E); XLVI(E); XLVIII(E); and XLIX(E). The remaining parcels de-

---

**6.** At trial, plaintiff was also granted leave to amend its complaint by removing paragraph XVII from Count One to Count Two because, during the pendency of this present lawsuit, the property was sold by leave of court and the net proceeds deposited with the clerk of this court. However, in part I(A)(2) of this opinion, I have dealt with the paragraph XVII(A) property under Count One as if it were still held by defendant Sandra Sue Steiner Young.

scribed in Count Two as having been reconveyed by Sandra Sue Steiner Young prior to the trial of this case are discussed in the immediately following paragraphs of this opinion.

(1) *The proceeds from the sale of the XXXVI(M), (O), (U), (W), and (Y) properties.* In subsection 3 of Section I(A) of this opinion, these proceeds, totalling $8,903, have been held to have been traced to the XVIII(A) property.

(2) *The proceeds from the sale of the following properties: XXXVI(K); XXXVII(E); XXXVIII(E); XXXIX(E) and (G); XL(E); XLIII(E); and XLVII(E).*

With respect to the proceeds from the sale of the XXXVIII(E) and XXXIX(E) and (G) properties, I make the following findings: At the conclusion of the guardianship discussed in part I(A)(2) of this opinion, there was turned over to defendant Sandra Sue Steiner Young that part of the so-called Powers property described in footnote 3 to this opinion and order, subject only to the balance of $7,822.53 due from her to defendant Harold G. Steiner. Provision for the payment of said balance of $7,822.53 to the plaintiff in satisfaction of its lien against defendant Harold G. Steiner is made in part I(A)(2) of this opinion and in the order entered below. Therefore, as of the termination of the guardianship, the property described in footnote 3 of this opinion is considered to have been turned over to defendant Sandra Sue Steiner Young, free and clear of plaintiff's liens. Subsequently, defendant Sandra Sue Steiner Young traded the said property described in footnote 3 of this opinion for the parcels described in XXXVIII(E) and XXXIX(E) and (G). Thus she came to hold the XXXVIII(E) and XXXIX(E) and (G) properties free and clear of plaintiff's liens. When she then reconveyed the XXXVIII(E) and XXXIX(E) and (G) properties to other persons, she was entitled to retain the proceeds from such reconveyances free and clear of plaintiff's liens. When she elected to arrange that such proceeds be paid into S & Y Tree Farms, Inc., she was entitled to enjoy, free and clear of plaintiff's liens, any credit which S & Y Tree Farms, Inc., elected to afford her.

With respect to the XXXVII(E) property, this parcel is a part of the property described in XIV(A). The entire property described at XIV(A) (including that part conveyed by defendant Sandra Sue Steiner Young to Glowacki, as described above) was a part of the guardianship discussed in part I(A)(2) of this opinion, and was turned over to defendant Sandra Sue Steiner Young when that guardianship was terminated. Therefore, I determine and conclude that the XXXVII(E) property was not subject to plaintiff's lien and that the proceeds from its sale are not subject to plaintiff's lien.

With respect to the XXXVI(K), XL(E), XLIII(E), and XLVII(E) properties, the plaintiff has made a valiant effort in its post-trial brief to trace the proceeds into S & Y Tree Farms, Inc., apparently to support one or both of these contentions: that the issued stock in S & Y Tree Farms, Inc., in the name of Sandra Sue Steiner Young as of the time of trial is subject to plaintiff's lien, or that a credit showing to Sandra Sue Steiner Young on the books of S & Y Tree Farms, Inc., is subject to plaintiff's lien. However, the plaintiff has failed to prove up its case in this respect. The court is asked to draw inferences that a rough correlation between the dates of the reconveyances of these properties by Sandra Sue Steiner Young and the amounts received by her, on the one hand, and the dates and amounts of certain credits to Sandra Sue Steiner Young entered in a document (plaintiff's exhibit 133) purporting to be an S & Y Tree Farms, Inc. record of Sandra Sue Steiner Young's account with it, on the other, is sufficient to trace the *res.* With the possible exception of the XXXVI(K) property, the asserted correlation as to times and amounts is too rough to support the findings sought. Assuming that the correlations were otherwise sufficient as to the XXXVI(K) property, a subsequent entry in exhibit 133 (on December 18, 1968) appears to cancel the credit allowed Sandra Sue Steiner Young on June 1, 1966. While this cancellation of the credit may be relat-

ed to the issuance of 145 shares of stock to Sandra Sue Steiner Young at about that time, this is unclear and undeveloped in the record. See section I(D) of this opinion. In any event, although an abortive attempt was made at trial, the government produced no reliable or definitive evidence concerning the course of dealing between Sandra Sue Steiner Young and S & Y Tree Farms, Inc.

I conclude that plaintiff failed to trace any economic benefit to defendant Sandra Sue Steiner Young, which has been reduced to her possession and control, from the reconveyances by her of the XXXVI(K), XL(E), XLIII(E), and XLVII(E) properties.

C. *With respect to certain obligations of S & Y Tree Farms, Inc. to defendant Sandra Sue Steiner Young.*

■ Exhibit 133 was supplied by defendants Harold G. Steiner and Sandra Sue Steiner Young in response to plaintiff's interrogatories. It appears to be a statement by S & Y Tree Farms, Inc. of defendant Sandra Sue Steiner Young's account with the corporation from August 1, 1964, through January, 1972, and it shows a concluding credit balance of $8,330.46 in favor of the corporation. On its face, therefore, it revealed no obligation from the corporation to defendant Sandra Sue Steiner Young as of the time of trial. In any event, as mentioned earlier, the plaintiff failed to produce definitive evidence at trial concerning the transactions between the corporation and defendant Sandra Sue Steiner Young during the period in question. I conclude that there is no *res*, in the form of an obligation from S & Y Tree Farms, Inc. to defendant Sandra Sue Steiner Young, to which plaintiff's lien can apply.

D. *With respect to a share or shares of stock in S & Y Tree Farms, Inc.*

■ As of the time of trial, 146 issued shares of the stock of S & Y Tree Farms, Inc. were in the name of defendant Sandra Sue Steiner Young. I find that one of these shares was issued to defendant San-

dra Sue Steiner Young as a gift from defendant Harold G. Steiner at a time when defendant Harold G. Steiner was insolvent and was indebted to plaintiff. I hold that plaintiff's lien applies to said share.

The remaining 145 shares were issued to defendant Sandra Sue Steiner Young on about December 8, 1968. Defendant Sandra Sue Steiner Young contends that they were issued to her in exchange for her payment into S & Y Tree Farms, Inc. of the proceeds of the sale of the property described in paragraphs XXXVIII(E) and XXXIX(E) and (G) of the complaint, which proceeds, as I have determined above in section I(B)(2) of this opinion, were not subject to plaintiff's lien. The evidence of this explanation of the transaction is not clear and convincing, but plaintiff has failed to meet its burden to prove any other explanation which would render such shares subject to its lien. I conclude that the said 145 shares are held by defendant Sandra Sue Steiner Young free and clear of plaintiff's lien.

E. *With respect to a certain loan.*

At trial, plaintiff was granted leave to amend the complaint by adding an additional claim for relief. Because leave to make the amendment was granted at a point in the trial subsequent to the court's determination that the plaintiff had failed to allege or prove that defendant Sandra Sue Steiner Young had defrauded the plaintiff, or had engaged in a conspiracy to defraud the plaintiff, plaintiff invites a finding with respect to this new claim that defendant Sandra Sue Steiner Young did participate in such a fraud or in such a conspiracy to defraud. I decline to make such a finding.

■ This new claim appears to rest entirely upon the plaintiff's assertion that at the conclusion of the guardianship, the payment of $19,494.47 to defendant Harold G. Steiner, as shown in the final account, did not occur. I decline to make such a finding. I, therefore, conclude that plaintiff cannot prevail in its prayer for judgment against defendant Sandra Sue Steiner Young in a sum equal to the amount of a debt from her

to defendant Harold G. Steiner, which defendant Harold G. Steiner allegedly forgave at a time when he was insolvent and when one of his creditors was the plaintiff.

## II.

THE OWNERSHIP OF STOCK IN LYNDON WOOD PRODUCTS BY DEFENDANT HAROLD G. STEINER, AND OF STOCK IN S & Y TREE FARMS, INC., BY DEFENDANTS HAROLD G. STEINER AND OLLIE MAE STEINER.

■ I find and determine that defendant Harold G. Steiner is the owner of a one-half percent interest in Lyndon Wood Products, Inc., and that plaintiff's lien applies to said interest.

I find and determine that defendant Harold G. Steiner is the owner of three shares of stock, and defendant Ollie Mae Steiner is the owner of one share of stock in S & Y Tree Farms, Inc., and that plaintiff's lien applies to each of said shares of stock.

## III

III. THE RELATIONSHIP BETWEEN DEFENDANT HAROLD G. STEINER AND DEFENDANT S & Y TREE FARMS, INC., WITH RESPECT TO A CERTAIN PARCEL OF PROPERTY.

■ I find that on April 30, 1956, Edward Christensen and Edna Christensen conveyed to defendant S & Y Tree Farms, Inc., a certain parcel of land; that the consideration for such conveyance was provided by defendant Harold G. Steiner; that at such time, defendant Harold G. Steiner was insolvent and that one of his creditors was the plaintiff; that by deed dated December 28, 1967, said S & Y Tree Farms, Inc. reconveyed said property to Arthur Freier, Harold Freier, and Irving Freier for the sum of $800; and that said sum of $800 is among the present assets of S & Y Tree Farms, Inc. I conclude that the assets of S & Y Tree Farms, Inc. are subject to plaintiff's lien to the extent of $800.

## ORDER

Upon the basis of the entire record herein, it is hereby ordered that:

1. Any and all judgments heretofore entered in this case are reaffirmed.

2. Judgment be entered in favor of the plaintiff pursuant to the order entered herein January 11, 1972, without costs.

3. Judgment be entered dismissing this action as to defendant Wisconsin River Power Company, without prejudice and without costs.

4. Judgment be entered dismissing this action against defendant Roland Steiner and Margaret Steiner, with prejudice and without costs.

5. Judgment be entered denying any and all claims of defendant Robert J. Downing against any of the property described in the complaint as amended, with prejudice and without costs.

6. Judgment be entered ordering the clerk of this court to pay to the plaintiff the sum of $7,822.53 from the sum of $14,241.79 heretofore deposited with the clerk by defendant Sandra Sue Steiner Young, and to pay to the defendant Sandra Sue Steiner Young the sum of $6,419.26 from said sum.

7. Judgment be entered ordering the clerk of this court to pay to the plaintiff the sum of $58,127.67 heretofore deposited with the clerk by defendant New York Life Insurance Co. and defendant Equitable Life Assurance Society of the United States.

8. Judgment be entered that the following described property be sold by the United States Marshal and that the proceeds thereof be applied to the tax liabilities of defendant Harold G. Steiner:

(a) that property described in paragraph XII(A) of the complaint, except for those portions described in paragraphs XIII(E), (G), (I), (K), (M), (O), (Q), (U), (W), and (Y);

(b) that property described in paragraph XVIII(A) of the complaint, to the extent of $8,903.00;

(c) that one share of the stock of S & Y Tree Farms, Inc., first issued to defendant Sandra Sue Steiner Young;

(d) that interest in the issued stock of Lyndon Wood Products, Inc., in the name of defendant Harold G. Steiner;

(e) that property described in paragraph LV of the complaint, to the extent of $800.00.

9. Judgment be entered dismissing the complaint on its merits as to all the defendants in all other respects, without costs.